IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **FAEC HOLDINGS 382123 LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-391-SDJ-KPJ |
| | § | |
| **STEVE ARRON INVESTMENT, LLC,** | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff FAEC Holdings 382123 LLC's ("Plaintiff") "Motion to Remand and Memorandum in Support Thereof" (the "Motion to Remand") (Dkt. 7). Defendant Steve A Flores ("Defendant" or "Flores") filed a response (Dkt. 9).[1] For the reasons that follow, the Court recommends the Motion to Remand (Dkt. 7) be **GRANTED**, and all other requested relief be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

### I. BACKGROUND

On April 13, 2023, Plaintiff filed a complaint (Dkt. 1-3) in the Justice of the Peace Court, Precinct 3, located in Collin County, Texas, against Steve Arron Investment, LLC, Steve A Flores, and "all occupants" (together, "Defendants") for eviction of residence. *See* Dkt. 1-3 at 3–5. On May 2, 2023, Flores, proceeding *pro se*, filed a "Petition for Removal of Action" (the "Notice of

---

[1] It is unclear whether Flores is seeking to represent the interests of Steven Arron Investment, LLC and "all occupants" in these proceedings. To the extent he is, the Court notes that "'a corporation can appear in a court of record only by an attorney at law.'" *Paradise Vill. Children's Home Inc. v. Liggins*, 78 F. App'x 930, 931–32 (5th Cir. 2003) (per curiam) (quoting *Sw. Express Co. v. Interstate Com. Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982)); *accord United States ex rel. Proctor v. Next Health LLC*, No. 4:17-CV-169-ALM-KPJ, 2023 WL 3048252, at *5 (E.D. Tex. Jan. 25, 2023). As the Court finds there is no subject-matter jurisdiction, the Court does not reach the issue.

1

Removal") (Dkt. 1) seeking removal of this action on the basis there is federal question jurisdiction pursuant to 15 U.S.C. § 1692(A), 28 U.S.C. § 1446(d), and the Fourteenth Amendment of the U.S. Constitution. *See* Dkt. 1-2 at 2. On May 3, 2023, the Court entered an Order and Advisory (Dkt. 4) providing Plaintiff an opportunity to file an amended complaint within thirty days to comply with federal pleading standards, and Defendants twenty days to file an amended answer from receipt of the amended complaint. *See id.* at 1. Attached to the Notice of Removal (Dkt. 1) are the following: notice of suit for eviction from residence in *FAEC Holdings 382123 LLC v. Steve Arron Investment, LLC Steve A Flores, and All Other Occupants*, Case No. 004—1560-2023, *see* Dkt. 1-3 at 1–2; and Plaintiff's Sworn Complaint for Eviction pursuant to Texas Property Code Section 24.005, Dkt. 1-3 at 3–5.

On May 22, 2023, Plaintiff filed the Motion to Remand (Dkt. 7), wherein Plaintiff requests that pursuant to 28 U.S.C. § 1447(c), the Court remand this action to Justice of the Peace Court, Precinct 3, located in Collin County, Texas. *See* Dkt. 7 at 1. Plaintiff argues the Court lacks subject-matter jurisdiction and removal was improper because Plaintiff's cause of action is "one based on forcible detainer where original jurisdiction is exclusive to Texas Justice of the Peace courts." *Id.* at 2 (citing Tex. Prop. Code § 24.004). Plaintiff further argues Defendant incorrectly relies on 15 U.S.C. § 1692(A) to assert there is federal question jurisdiction pursuant to 28 U.S.C. § 1331 because "Plaintiff's underlying suit is not one to collect any underlying debt, nor is it a suit based on monetary damages [but rather] Plaintiff files its suit based on the principles of forcible detainer due to non-payment of rent." Dkt. 7 at 2–3. Plaintiff asserts "that any debt resulting from a forcible detainer must be brought separately due to the limits of the original justice court's jurisdictional limits on damages" and that Flores "intends on raising an issue of federal questions . . . to litigate in response to Plaintiff's state court forcible detainer action." *Id.* at 3.

After Defendants did not file a response, on June 7, 2023, the Court ordered that Defendants file a response to the Motion to Remand (Dkt. 7) on or before fourteen days of receipt of the June 7, 2023 Order. *See id.* at 1 (citing LOCAL RULE CV-7(d)). On June 22, 2023, Flores filed a response (Dkt. 9) arguing Plaintiff "has filed an APPEAL in the lower court, County Court at Law 4, Collin County, TX . . . placing the original COMPLAINT FOR EVICTION in this case at the Justice of [t]he Peace, Precinct 3, Collin County, TX . . . on hold until the outcome of the hearing on the Appeal on June 29th." *Id.* at 1 (emphases in original). Flores argues that Plaintiff "is challenging the authority of this court to take precedence over the lower court's ability to proceed with the eviction case in order to enter a judgment of eviction against . . . Defendant[s] even though the case has been removed into this court." *Id.* at 2. In support, Flores includes a notice of appeal dated June 1, 2023 (Dkt. 9-1) and a case summary for *FAEC Holdings 382123 LLC v. Steve Arron Investment, LLC Steve A Flores, and All Other Occupants*, Case No. 004—1560-2023 (Dkt. 9-2).

On June 28, 2023, Flores filed "Response to Petitioner's reply, Response, and Opposition to Respondents Motion to Remand" (Dkt. 10), wherein Flores appears to file a second Notice of Removal as to the "Collin County Court at Law 4 (McKinney)" and asserts the proceedings occurred in violation of 15 U.S.C. § 1692(A), 28 U.S.C. § 1446(d), and the Fourteenth Amendment of the U.S. Constitution. *See* Dkt. 10 at 1; Dkt. 10-1. Flores also includes the previously filed notice of appeal dated June 1, 2023 (Dkt. 10-2) and the case summary for *FAEC Holdings 382123 LLC v. Steve Arron Investment, LLC Steve A Flores, and All Other Occupants*, Case No. 004—1560-2023 (Dkt. 10-3). On June 29, 2023, Flores filed the "Motion to Withdraw – Response to Petitioner's reply, Response, and Opposition to Respondents Motion to Remand" (Dkt. 11), wherein he asks to withdraw the previous filing. *See id.* at 1.

3

## II.     LEGAL STANDARD

The federal removal statute allows a defendant to remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Once a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the claim." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (citing *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)); *see also Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018) ("A removing defendant bears the burden of pointing to the evidence demonstrating that removal is proper.") (citations omitted). "A federal question exists if there appears on the face of the complaint some substantial, disputed questions of federal law." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam) (internal quotation marks and citations omitted).

"Because plaintiffs are masters of their complaints, any 'determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint.'" *Mega Vape, LLC v. City of San Antonio*, 455 F. Supp. 3d 299, 306 (W.D. Tex. 2020) (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001)). Thus, "[w]hen removal is defective for lack of subject matter jurisdiction, the district court must remand the action regardless of whether the parties have moved the court to do so." *White v. Garcia*, No. 4:22-CV-00746, 2022 WL 17968764, at *2 (N.D. Tex. Nov. 28, 2022), *R. & R. adopted*, 2022 WL 17968757 (N.D. Tex. Dec. 27, 2022) (citing *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392 (1998); *Int'l Primate Prot. League v. Adm'rs of the Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)). Finally, "[b]ecause federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand." *B&P Rest. Grp., LLC v. Eagan Ins. Agency, LLC*, 538 F. Supp. 3d 632, 637 (E.D. La. 2021) (citing *Vantage*

*Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

## III. ANALYSIS

In the present case, Flores asserts there is federal question jurisdiction on the basis that Plaintiff's actions violate 15 U.S.C. § 1692(A), 28 U.S.C. § 1446(d), and the Fourteenth Amendment of the U.S. Constitution. *See* Dkt. 1 at 2. Flores bears the burden of demonstrating that a federal question exists that would provide the basis for subject-matter jurisdiction. *See Mega Vape, LLC*, 455 F. Supp. 3d at 306 ("As the party seeking the federal forum in a removed action, '[t]he defendant bears the burden of demonstrating that a federal question exists.'" (quoting *In re Hot-Hed Inc.*, 477 F.3d at 323)).

In reviewing Plaintiff's complaint (Dkt. 1-3), Plaintiff does not allege any claims created by federal law, nor does Plaintiff's right to relief appear to necessarily raise a question of federal law. *See Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) ("Under th[e] 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff pleads only a state law cause of action."). The Fifth Circuit has held that forcible detainer, i.e. eviction,[2] arises solely under state law and provides no basis for federal question jurisdiction. *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam). Accordingly, courts in the Eastern District of Texas have explained that forcible detainer is a traditional state law claim that cannot be asserted as the basis for federal question jurisdiction. *See*

---

[2] A forcible detainer action does not relate to the ownership of the home, but rather "[a] forcible detainer action only seeks *possession* of property." *Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Morgan Stanle ABS Cap. I Inc. Tr. 2006-HE8, Mortg. Pass-Through Certificates, Series 2006 HE8 v. Silva*, No. 3:23-CV-349-G-BN, 2023 WL 2636726, at *2 (N.D. Tex. Feb. 17, 2023), *R. & R. adopted sub nom. Deutsche Bank Nat'l Tr. Co., as Tr., In Tr. for the Registered Holders of Morgan Stanle ABS Cap. 1 Inc Tr 2006-HE8 v. Silva*, 2023 WL 2632819 (N.D. Tex. Mar. 24, 2023) (citations omitted). Accordingly, courts have found such actions cannot be the basis of diversity jurisdiction under Section 1332. *See id.*

5

*Fed. Nat'l Mortg. Ass'n v. Morse*, No. 4:16-CV-396, 2016 WL 6871143, at *4 (E.D. Tex. Nov. 22, 2016) (collecting cases); *Nahlawi v. Burton-Dabney*, No. 4:14-CV-609, 2015 WL 139764, at *2 (E.D. Tex. Jan. 9, 2015) ("Plaintiff merely filed a forcible detainer action and asserted no federal claims. Nothing about the state law forcible detainer action appears to raise issues of federal law; therefore, there was no federal subject matter jurisdiction upon which to base removal, and remand is appropriate. Forcible detainer actions are governed by the Texas Property Code and are questions of state, not federal, law."); *Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("The [c]omplaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located . . . .'" (quoting Tex. Prop. Code Ann. § 24.004) (Vernon 2000)). Thus, Plaintiff's complaint (Dkt. 1-3) does not provide a basis for federal question jurisdiction.

Furthermore, as Plaintiff correctly argues, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The longstanding rule holds that an action arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10, n.9 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction."). Even if Plaintiff had sufficiently pleaded a counterclaim that Plaintiff violated federal law, "such a counterclaim would not change the nature of *Plaintiff's claim* and cannot be considered in determining the existence of removal jurisdiction." *SPS Owner, LLC v. Ward*, No. 423CV00067SDJCAN, 2023 WL 4035075, at *3 (E.D. Tex. May

10, 2023), *R. & R. adopted*, 2023 WL 4033336 (E.D. Tex. June 15, 2023) (citing *Stump*, 322 F. App'x at 380) (emphasis in original); *accord Progress Residential v. Crump*, No. 4:18-CV-0467-ALM-CAN, 2018 WL 4572710, at *3 (E.D. Tex. Aug. 28, 2018), *R. & R. adopted*, 2018 WL 4566683 (E.D. Tex. Sept. 24, 2018) ("[The defendant] cannot circumvent the jurisdiction of the state courts by a threadbare recital in her Notice of Removal that her civil rights were violated." (citing *Stump*, 322 F. App'x at 380)).

In sum, because Plaintiff's complaint (Dkt. 1-3) does not raise a federal issue and Plaintiff's right to relief is not dependent upon a resolution of federal law, the Court lacks federal question jurisdiction. Accordingly, the Court recommends granting the Motion to Remand (Dkt. 7).

## IV.     RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion to Remand (Dkt. 7) be **GRANTED**, and this action be remanded to the Justice of the Peace Court, Precinct 3, located in Collin County, Texas, pursuant to 28 U.S.C. § 1447. The Court further recommends all other requested relief be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been

served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 11th day of July, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE