THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FAEC HOLDINGS 382123 LLC, | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-391-SDJ-KPJ |
| | § | |
| STEVE ARRON INVESTMENT, | § | |
| LLC, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 11, 2023, the Magistrate Judge entered proposed findings of fact and a recommendation (the "Report"), (Dkt. #12), that Plaintiff FAEC Holdings 382123 LLC's Motion to Remand and Memorandum in Support Thereof (the "Motion to Remand"), (Dkt. #7), be granted and this action be remanded to the Justice of the Peace Court, Precinct 3, located in Collin County, Texas, pursuant to 28 U.S.C. § 1447. The Magistrate Judge further recommended all other requested relief be dismissed without prejudice for lack of subject-matter jurisdiction. On July 21, 2023, Defendant Steve A. Flores filed an Objection. (Dkt. #13).

The Court has conducted a de novo review of the Objection and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Objection is without merit as to the ultimate findings of the Magistrate Judge. Broadly, the Objection asserts that the Magistrate Judge improperly found that Defendants had failed to state a claim upon which relief can be granted under Federal

1

Rule of Civil Procedure 12(b)(6) because the Magistrate Judge failed to properly consider the pleading standards articulated by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). But this misinterprets the Report. The Report nowhere recommends dismissal for failure to state a claim under Rule 12(b)(6). Rather, the Report recommends the Court remand the case due to lack of subject-matter jurisdiction. (Dkt. #12 at 7). The two are patently distinct concepts. The Court agrees that neither the complaint nor the notice of removal offers any basis for federal jurisdiction and that remand is therefore proper. 28 U.S.C. § 1447(c).

Accordingly, Defendant Steve A. Flores's Objection, (Dkt. #13), is **OVERRULED** and the Magistrate Judge's report is **ADOPTED** as the findings and conclusions of the Court.

Accordingly, the Motion to Remand, (Dkt. #7), is **GRANTED** and this action is remanded to the Justice of the Peace Court, Precinct 3, located in Collin County, Texas, pursuant to 28 U.S.C. § 1447. All other requested relief is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

So ORDERED and SIGNED this 3rd day of August, 2023.

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE